**In the Matter of KORAN ENTERPRISES, INC., Debtor.**

**Carston C. JOHANNSEN, Appellant,**

**v.**

**Steven C. BLOCK, Trustee, Appellee.**

**No. 86–1192–CV–W–O.**

United States District Court,
W.D. Missouri, W.D.

April 8, 1987.

Carston C. Johannsen, pro se.

Robert Pummill, Kansas City, Mo., for appellant.

Steven C. Block, Independence, Mo., for appellee.

## ORDER

ROSS T. ROBERTS, District Judge.

This matter comes before the court on appeal from a bankruptcy court order of September 10, 1986, directing appellant to return the sum of $3,500.00 to the debtor's estate. For the reasons stated below, the appeal will be dismissed.

### I.

#### Statement of the Case

The debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 29, 1985. Appellant served as attorney for the debtor-in-possession. On May 14, 1985, the bankruptcy court appointed appellee as trustee of the bankruptcy estate, terminating the debtor's management.

On July 10, 1986, in response to a fee application filed by appellant, the bankruptcy court entered an order granting appellant's application for an award in the amount of $1,500 and otherwise denying it. Appellant had sought $10,197.29 in fees and $2,149.95 in expenses. The court noted that the "lodestar" amount is subject to enhancement or diminution on the basis of principles which take into consideration the difficulty of the tasks performed and the benefit conferred on the bankruptcy estate. The court found that only a minor portion of appellant's services could be considered "in aid of administration" of the bankruptcy estate, concluding that appellant should be compensated for aiding in the filing of the petition for relief, preparing the schedules and statements of affairs, and attending the meeting of the creditors, duties for which $1,500 was ample compensation. No appeal was taken from this order.

On September 10, 1986, the court ordered appellant to pay back to the bankruptcy estate $3,500, representing the difference between the $5,000 retainer appellant was paid to take the case, and the $1,500 he was subsequently awarded by the bankruptcy court. It is from this order that appeal was taken on September 19, 1986.

### II.

#### Discussion

Appellant's brief is directed solely at the propriety of the bankruptcy court's July 10, 1986 order. Specifically, three issues are raised on appeal:

1. whether the bankruptcy court erred in requiring appellant to show a benefit to the estate in order to receive compensation;

2. whether the bankruptcy court erred in stating there was no benefit;

3. whether the bankruptcy court failed to apply the correct legal standard to the award of attorney's fees.

Since none of these issues were addressed in the September 10, 1986 order, I am without jurisdiction to hear this appeal. Bankruptcy Rule 8002 provides that notice of appeal must be filed within ten days of the entry of judgment, order or decree appealed from, and authorizes the bankruptcy court to grant an additional twenty day extension if requested within the initial ten day period. 11 U.S.C. Bankruptcy Rule 8002(a) and (c). Compliance with Rule 8002 is both "mandatory and jurisdictional." *In Re Abdallah*, 778 F.2d 75, 77 (1st Cir.1985). I am of the opinion that it would be an improper exercise of jurisdiction to entertain matters beyond those that were the subject of the September 10 order, which was essentially a bookkeeping exercise necessitated (I assume) by appellant's failure to comply with the July 10 order.

Moreover, construing the appeal as a challenge to the bankruptcy court's authority to enter the September 10 order, I find it without merit. In *Lavender v.*

*Wood Law Firm,* 785 F.2d 247 (8th Cir. 1986), appellant sought approval of $23,951 in fees for representing the debtors-in-possession, acknowledging that he had already been paid $16,022.33. The bankruptcy court ordered the funds received without prior approval returned to the estate, and authorized payment of $8,337.27 to appellant once the estate had been reimbursed. The Eighth Circuit affirmed the bankruptcy court's "direction to the appellant to reimburse the estate for fees received without approval." Although the sequence of events is not identical in the instant case, the holding in *Lavender* provides ample authority for the bankruptcy court's action.

For the foregoing reasons, it is accordingly

ORDERED that the appeal of the bankruptcy court's order of September 10, 1986 be dismissed.