In the Matter of Harley Chester **ENDICOTT** and Kathryn Louise Endicott, Debtors.

Lindy Kay Endicott LaSALLE, Movant,

v.

Harley Chester **ENDICOTT** and Kathryn Louise Endicott, Respondents.

Bankruptcy No. 85–00683–SW–13.

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

May 8, 1987.

Richard Collins, Collins, Webster & Rouse, Joplin, Mo., for movant.

George C. Baldridge, Joplin, Mo., for respondents.

*ORDER DISMISSING RESPONDENTS' APPEAL*

DENNIS J. STEWART, Chief Judge.

On June 7, 1985, this court issued its final order granting the movant's motion for relief from the automatic stay for the purpose of enforcing a child support award which was previously conferred upon her in

the Circuit Court of Jasper County, Missouri. Although that order was a final, appealable order, see *In re Leimer*, 724 F.2d 744, 745 (8th Cir.1984), the respondents took no appeal from it and did not seek any relief from it in a timely manner. It was the sense of the findings of this court in the final order of June 7, 1985, that:

"(t)he issue to be tried in the state court, that of whether the debtor Harley Chester Endicott is the father of the minor child Staci Kristine Endicott, is a matter solely within the jurisdiction of the state courts. The bankruptcy court has no authority in statute or otherwise to make the determination which is now raised in the pleadings before the state court. The province of the bankruptcy court is solely to determine, on the basis of the state court judgment, whether an award of compensation to a party is, as against the debtor, nondischargeable support or a dischargeable property settlement. In so doing, this court has noted time and again that it cannot make the initial and basic award. By statute, it is constricted to making its determination of nondischargeability or dischargeability from the judgment issued by the state court. '(I)n order to make that determination, the bankruptcy court must accept the relationship between the parties which is contained in the decree of the state court.' *Matter of Booth*, 44 B.R. 674, 676 (Bkrtcy.W.D.Mo.1984). The bankruptcy court does not have the power to establish that relationship in the first instance. Accordingly, the movant's motion for relief from the stay to have the matter determined by the state court must be granted. Unless and until the state court determines otherwise, the support for Staci Kristine Endicott must be treated as an indebtedness of the debtor Harley Chester Endicott which is not dischargeable in bankruptcy."

Accordingly, the motion for relief from the stay was granted in its entirety. That motion had requested, *inter alia*, that the court "lift the automatic stay with respect to Plaintiff, Linda Kay Endicott LaSalle, and allow her to proceed in state court for an increase in child support and for collection of the past due child support obligation."

Therefore, on or about June 13, 1985, the plaintiff filed a request for execution and garnishment in the Circuit Court of Jasper County, Missouri, for back child support in the amount of $12,902.00. Thereafter, that request was voluntarily withdrawn, but was renewed on March 20, 1987.

Thereafter, on April 2, 1987, the debtors filed a motion for temporary restraining order, stating that:

"the Debtor's Employer is in a state of confusion by having an Order from this Court ordering the employer to withhold $120.00 from Debtor's pay per week and remit the same to the Trustee and an Order of Garnishment issued by the Circuit Court of Jasper County, Missouri, at Joplin, ordering the employer to withhold fifty percent (50%) of the debtor's disposable income and not less than the minimum wage."

Because the motion was not in proper form[1] and because of the prior grant of relief from the automatic stay, the court issued its order on April 3, 1987, denying the motion, and stating as follows in support thereof:

"Any award of child support, if it is truly child support, is not dischargeable in bankruptcy and is wholly unaffected by the automatic stay. See section 362(b)(2) of the Bankruptcy Code."

The respondents filed a notice of appeal from that order on April 13, 1987. But the entry of the order of April 3, 1987, was compelled by the entry of the earlier order of June 7, 1985, from which no appeal had been taken and which had had the effect of granting relief from the automatic stay for the purpose of permitting the movant "to proceed in state court.... for collection of the past due child support obligation." Un-

---

1. Rule 7001(7) requires that a proceeding "to obtain an injunction or other equitable relief" be filed as an adversary action.

der similar circumstances, our district court has held that an appeal filed from an order made on a request for a clarification of a former order—when such request for clarification has not been filed timely to be considered as a motion to alter or amend judgment or for reconsideration [2]—cannot be considered a timely notice of appeal. See *Matter of Koran Enterprises, Inc.,* 80 B.R. 479 (W.D.Mo.1987).[3] Consequently, this court must hold that the appeal at bar is in substance an appeal from the order of June 7, 1985. As in *Koran Enterprises, supra,* the follow-up order ostensibly appealed from was made on a request for clarification of a former order which was already clear. In the motion for restraining order filed on April 2, 1987, the debtors' prayer for relief was for "an Order of this Court clarifying its former order that alleged child support due prior to the date of the filing of the original Plan on March 1, 1985, be declared to be under the Debtors' Plan and that no execution or garnishment be allowed on said amount and that said past due amounts be included and covered in the Debtors' Plan." It is well settled that a motion to alter or amend judgment or for reconsideration which is not filed within 10 days of the filing of that order or judgment does not toll the time for the taking of an appeal. Hence, an appeal filed within 10 days of the filing of the order ruling on that untimely motion constitutes an untimely appeal. "(I)t would be an improper exercise of jurisdiction to entertain matters beyond those that were the subject of the (later) order, which was essentially a bookkeeping exercise necessitated ... by appellant's failure to comply with the (earlier) order." *Matter of Koran Enterprises, Inc., supra.*

█ Further, the later ruling was one which was dictated by the former ruling. And, as a matter of dictum, it must here be observed that both were correct. Section 362(b)(2) of the Bankruptcy Code clearly and unequivocally excepts from the operation of the automatic stay, any proceeding for "the collection of alimony, maintenance, or support from property that is not property of the estate." Under the provisions of section 1306(a)(2) of the Bankruptcy Code, postpetition earnings are included in the chapter 13 estate. But, upon confirmation, the chapter 13 estate ceases to exist and the property of the estate becomes vested in the debtor. See section 1327(b) of the Bankruptcy Code: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." "The only logical explanation for this provision can be that Congress intended to give a temporary protection to 'properties of the estate' and was designed to protect the debtor until the debtor obtains confirmation of his repayment plan under this Chapter. This conclusion is supported by the fact that Congress also provided that the confirmation of the plan ... revests all of the properties of the estate in the debtor, unless the plan itself otherwise provides, Section 1327(b)." *Matter of Moore,* 22 B.R. 200, 202 (Bkrtcy.M.D.Fla. 1982)[4]. And, of course, even before confirmation, it is within the discretion of the bankruptcy court to grant relief from the automatic stay. "A decision to lift the automatic stay under 11 U.S.C. section 362

---

**2.** See Bankruptcy Rule 8002(b). "The Debtors' motion for reconsideration was not timely filed with the Court, did not terminate the running of the time for appeal, and did not begin anew the running of the appeal time." *In re Coleman American Companies, Inc.,* 6 B.R. 915, 921 (Bkrtcy.D.Colo.1980).

**3.** "I am without jurisdiction to hear this appeal. Bankruptcy Rule 8002 provides that notice of appeal must be filed within ten days of the entry of judgment, order or decree appealed from, and authorizes the bankruptcy court to grant an additional twenty day extension if requested within the initial ten day period. 11 U.S.C.

Bankruptcy Rule 8002(a) and (c). Compliance with Rule 8002 is both 'mandatory and jurisdictional.' *In Re Abdallah,* 778 F.2d 75, 77 (1st Cir.1985)."

**4.** In *In re Mack,* 46 B.R. 652 (Bkrtcy.E.D.Pa. 1985), the bankruptcy court found it a violation of the automatic stay to collect alimony or support from postpetition earnings. It is not clear from that opinion whether the collection was after confirmation. If so, then the decision must be regarded as erroneous in view of the authorities and principles set out in the text of this memorandum.

is within the discretion of the bankruptcy judge." *In re McDonald,* 755 F.2d 717, 716 (9th Cir.1985). And, in exercising that discretion on June 7, 1985, shortly before confirmation on August 27, 1985, the bankruptcy court did not abuse it. To prevent execution or garnishment on a child support award which is past due would have the effect of modifying the state court award, a judicial act which, as this court noted in its order of June 7, 1985, "is a matter solely within the jurisdiction of the state courts." The decisions of our court of appeals have been uniformly to the effect that the state court award as it exists as of the date of its making is one which may not be modified by the bankruptcy courts. Although a bankruptcy court, in determining the issue of dischargeability *vel non,* makes its decision under federal standards and is not bound by state law, nevertheless it must accept that award as it stands. *In re Williams,* 703 F.2d 1055, 1056 (8th Cir.1983); *Poolman v. Poolman,* 289 F.2d 332, 335 (8th Cir.1961) ("That the obligation has become unduly burdensome cannot be considered in determining the legal effect of (the debtor's) discharge."); *Matter of Jensen,* 17 B.R. 537, 540 (Bkrtcy. W.D.Mo.1982) ("(T)he plaintiff's *current* need is an irrelevant consideration. Under the governing principles the bankruptcy court must make its determination based upon the intended function of the award *at the time of the entry of the state court dissolution decree.");* *Matter of Booth,* 44 B.R. 674, 676 (Bkrtcy.W.D.Mo.1984) ("That the bankruptcy court has no warrant actually to change the decree or agreement is made clear by the actual wording of section 523(a)(5) of the Bankruptcy Code, which predicates the nondischargeability action upon the existence of 'a separation agreement, divorce, decree, or property settlement agreement.' "). For the same reasons, without the acquiescence of the debtor's former spouse or child, or both, the court cannot confirm a chapter 13 plan which would have the effect of modifying a state court award of nondischargeable support. The chapter 13 debtor must accordingly make his chapter 13 plan consonant with the state court award, including the ability to enforce any past due award, or else must obtain the consent of the former spouse or child, or both, to its confirmation.

The appeal is untimely. Under the provisions of the general order enacted by the district court on October 30, 1986:

"the judges of the Bankruptcy Court of the Western District of Missouri may hereafter dismiss appeals from decisions of the Bankruptcy Court filed in this court for failure of any of the parties thereto to perfect an appeal by not filing appropriate documents with the Clerk of the Court as provided in the Bankruptcy Rules or Sections of Title 28, U.S.C.A."

There being no timely notice of appeal, it is hereby

ORDERED that the within appeal be, and it is hereby, dismissed.