**In the Matter of John Dennis BRUGGEN, Debtor.**

**Mescal L. BRUGGEN, Objecting Creditor,**

v.

**John Dennis BRUGGEN, Respondent.**

**Bankruptcy No. 87–02640–SJ–13–DJS.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

Nov. 6, 1987.

Robert D. Colley, Don Pierce, P.C., St. Joseph, Mo., for objecting creditor.

James H. Thompson, Jr., N. Kansas City, Mo., for respondent/debtor.

ORDER SUSTAINING OBJECTING CREDITOR'S OBJECTIONS TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN AND GRANTING OBJECTING CREDITOR RELIEF FROM THE AUTOMATIC STAY

DENNIS J. STEWART, Chief Judge.

The files and records in this chapter 13 case show that the chapter 13 petition was

---

filed on June 15, 1987. A plan was filed some 14 days later, proposing to make payments to the trustee of $175 per month. As pertinent, it proposed to make payments to unsecured creditors totaling 100% of their outstanding allowed claims. In reality, according to the schedules filed, the only unsecured debt which will be paid is that of a prior attorney, to the extent of $4,355.00. In the same plan, it is denied that any support payments are owed to anyone, although there is a notation that the "claim (of objecting creditor) is disputed." It therefore appeared that the sole basis for the debtor's filing of the chapter 13 case was to have the bankruptcy court make a determination of the amount of past due child support which is due from the debtor to Mescal Bruggen, and that is something which the bankruptcy court cannot do.

On July 24, 1987, the objecting creditor filed her written objection to confirmation of the debtor's plan, stating as follows:

"The indebtedness of the said John D. Bruggen to this objecting creditor is based upon a child support order entered by the District Court of Shawnee County, Kansas, in the case of Mescal L. Bruggen v. John D. Bruggen, Case Docket No. 72–D–118310, which indebtedness at the present time exceeds the sum of $17,-000.00, all as more fully explained in the attached Exhibit # A, consisting of authenticated copies of judgment, orders, child support payments records and memorandum decisions entered in the said Kansas State Court Case.

"That said indebtedness together with the indebtedness to a Mr. Eugene W. Hiatt in the sum of $4,355.00, which are the only two indebtednesses to be paid under the debtor's proposed plan, comes to a total of over $21,000.00, and at the rate of $175.00 per month, which debtor intends to pay, the said indebtednesses would not be liquidated within the five year period as required by 11 U.S.C. 1322(c)."

Attached to the objection is a decree of the District Court of Shawnee County, Kansas, in *Bruggen v. Bruggen,* Case No. 118,310, granting a judgment of divorce and, *inter*

*alia,* as of the date of September 29, 1972, providing that:

"the plaintiff should be awarded the permanent care, custody and control of the minor child of the parties, namely, Lise A. Bruggen, four years of age, subject to rights of visitation on the part of the defendant with said minor child as hereinafter provided. The defendant shall pay to the plaintiff for child support through the Clerk of the District Court of Shawnee County, Kansas, the sum of One Hundred and Twenty Dollars ($120.00) per month, said amount payable to equal installments of Sixty Dollars ($60.00) on the 1st day of October 1972 and the 15th day of October 1972, and a like amount on the 1st and the 15th day of each and every month hereafter until further order of the Court."

Later, on September 21, 1981, according to the documents submitted by the objecting creditor, the monthly amount of child support was increased to $175.00. According to her affidavit filed in support of her claim on August 18, 1987, the debtor is currently in arrearage in his payments under the state court decree "in the sum of $19,-342.63, which sum includes past due installments and interest accrued thereon."

The files and records in this case show that the chapter 13 trustee attempted to take this matter up at the meeting of creditors which he conducted on July 24, 1987, but that debtor's counsel did not appear at that meeting. Again, at a hearing held in accordance with Local Rule 13(c), the chapter 13 trustee attempted to take up the matter at issue, but the debtor's counsel had not yet filed any objection to the claim of the objecting creditor. Such an objection was not filed until after the chapter 13 trustee's arbitration decision on September 8, 1987. Then, the objection was wholly conclusionary and undetailed.

On September 10, 1987, the court entered its order directing the debtor to show cause in writing within 20 days why the objection of Mescal L. Bruggen to confirmation should not be sustained. The response of the debtor's counsel, filed on September 30, 1987, has again stated contentions only

conclusionarily and and could not, therefore, constitute a sufficient objection to the claim of the claimant. Thus, it was only stated that:

"the denial or approval of confirmation should not be ruled upon until the time that the court has made a determination on the debtor's objection to the allowance of the claim filed by the objecting creditor, Mescal Bruggen.

"That the interest of justice and judicial efficiency would best be served if the objecting creditor's claim is determined prior to the approval or denial of the debtor's proposed plan.

"That a hearing is required to establish the validity of the objecting creditor, Mescal Bruggen's claim."

Thus, from neither of the conclusionary objections which have been filed to the claim of Mescal Bruggen could it have been ascertained what the objection really was— whether it was an objection to the amount of past due support decreed to be paid by the state court or whether it was not nondischargeable or whether there was some other type of defect.

It does not matter, however, what the objection was. For the authorities are clear to the effect that a past due child support obligation cannot be treated under a chapter 13 plan, absent the consent of the recipient of the award. "(A) federal court may not interfere with the remedies provided by a state court in these areas of particular state concern.... To permit child support arrearages to be included in a chapter 13 plan would invite a federal bankruptcy court to alter or modify a state court decision regarding the payment and discharge of an overdue debt. This we cannot countenance." *Caswell v. Lang*, 757 F.2d 608, 610 (4th Cir.1985). It was not the "intent of the new Bankruptcy Code to convert the bankruptcy courts into family or domestic relations courts—courts that would, in turn, willy-nilly, modify divorce decrees of state courts insofar as these courts had previously fixed the amount of alimony and child support obligations of debtors." *Matter of Garrison*, 5 B.R. 256, 260 (Bkrtcy.E.D.Mich.1980). This court has previously followed the rule in *Endicott v. LaSalle*, 79 B.R. 439 (Bkrtcy.W.D. Mo.1987), in which the following considerations were stated:

"To prevent execution or garnishment on a child support award which is past due would have the effect of modifying the state court award, a judicial act which, as this court noted in its order of June 7, 1985, 'is a matter solely within the jurisdiction of the state courts.' The decisions of our court of appeals have been uniformly to the effect that the state court award as it exists as of the date of its making is one which may not be modified by the bankruptcy courts. Although a bankruptcy court, in determining the issue of dischargeability *vel non*, makes its decisions under federal standards and is not bound by state law, nevertheless, it must accept that award as it stands. *In re Williams*, 703 F.2d 1055, 1056 (8th Cir.1983); *Poolman v. Poolman*, 289 F.2d 332, 335 (8th Cir. 1961) ('That the obligation has become unduly burdensome cannot be considered in determining the legal effect of (the debtor's) discharge.'); *Matter of Jensen*, 17 B.R. 537, 540 (Bkrtcy.W.D.Mo.1982) ('(T)he plaintiff's *current* need is an irrelevant consideration. Under the governing principles the bankruptcy court must make its determination based upon the intended function of the award *at the time of the entry of the state court dissolution decree.*'); *Matter of Booth*, 44 B.R. 674, 676 (Bkrtcy.W.D.Mo.1984) ('That the bankruptcy court has no warrant to change the decree or agreement is made clear by the actual wording of section 523(a)(5) of the Bankruptcy Code, which predicates the nondischargeability action upon the existence of a "separation agreement, divorce decree, or property settlement agreement." ') For the same reasons, without the acquiescence of the debtor's former spouse or child, or both, the court cannot confirm a chapter 13 plan which would have the effect of modifying a state court award of nondischargeable support. The chapter 13 debtor must accordingly make his chapter 13 plan consonant with the state

**518**

court award, including the ability to enforce any past due award, or else must obtain the consent of the former spouse or child, or both, to its confirmation."

This is not to say that the recipient of a support award may not agree to have that claim paid through a chapter 13 plan or acquiesce in the proposal to pay such support through a chapter 13 plan. See, e.g., *Matter of Curtis,* 2 B.R. 43 (Bkrtcy.W.D. Mo.1979). But, if the party entitled to enforce the support award insists on enforcing those rights in the state dissolution court, relief from the stay must be granted. It is therefore

 ORDERED that the objecting creditor's objections to confirmation of the debtor's chapter 13 plan be, and they are hereby, sustained. It is further

ORDERED that objecting creditor be, and she is hereby, granted relief from the automatic stay to enforce the past due child support award in the state courts.