# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 99-6032WA

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gary James Blan and | * | |
| Jayna Otwell Blan, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Gary James Blan, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor-Appellant | * | Western District of Arkansas |
| | * | |
| | * | |
| v. | * | |
| | * | |
| Nachogdoches County Hospital, | * | |
| | * | |
| Movant-Appellee. | * | |
| | * | |

Submitted: August 2, 1999
Filed: August 30, 1999

Before KOGER, Chief Judge, SCHERMER, and DREHER, Bankruptcy Judges.

DREHER, Bankruptcy Judge

 Debtor Gary James Blan appeals the April 15, 1999, order of the Bankruptcy Court,[1] which granted Appellee Nachogdoches County Hospital relief from the automatic stay. The

---

[1]The Honorable Robert F. Fussell, United States Bankruptcy Judge, Western District of Arkansas.

Court's order permitted Nachogdoches to continue adjudication of state court litigation against the Debtor, which is currently pending in the District Court of Nacogdoches County, Texas. Finding no abuse of discretion by the Bankruptcy Court, we affirm.

## BACKGROUND

On November 12, 1997, Nachogdoches County Hospital District ("Nachogdoches") filed a lawsuit against Debtor Gary James Blan ("Debtor") and six other co-defendants. The state court complaint contains allegations of breach of fiduciary duty, fraud, conversion, civil conspiracy, breach of contract, and special liability of a government employee.

On October 23, 1998, Debtor and his wife filed a bankruptcy petition, thus imposing a stay on the state court suit. Nachogdoches filed a motion for relief from stay on December 23, 1998. In support of the motion, the attorney for Nachogdoches in the state court suit testified as to the status of the proceedings. At the time of the bankruptcy filing, the parties had engaged in substantial written discovery, but had not yet taken any depositions. The attorney further noted that several of the allegations against the Debtor in the state court complaint require interpretation of Texas state law. His testimony revealed that Nachogdoches expects to call between ten and twenty primary witnesses to prove the allegations against Debtor, but may call hundreds of witnesses in total. The majority of these witnesses reside in the Nachogdoches County, Texas, area, which is approximately 300 miles from the presiding bankruptcy court. A substantial portion of the documents that would be used in the case also are housed in Nachogdoches County. Moreover, trying the case against Blan in bankruptcy court while continuing against the remaining co-defendants in state court would result in a substantial duplication of efforts and additional costs. Debtor presented no evidence to contravene the attorney's testimony with respect to any of these matters. Weighing all of these factors, the Bankruptcy Court granted Nachogdoches' motion and permitted it to go forward with the state court litigation against the Debtor.

## STANDARD OF REVIEW

A decision to grant or deny a motion for relief from the automatic stay is within the discretion of the bankruptcy court and will be reviewed only for an abuse of discretion. E.g., Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142 (2d Cir 1999); In re Williams, 144 F.3d 544, 546 (7th Cir. 1998); Mataya v. Kissinger (In re Kissinger), 72 F.3d 107, 108 (9th

Cir. 1995); Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992); Barclays-American/Business Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broadcasting, Inc.), 871 F.2d 1023, 1026 (11th Cir. 1989); Cannery Row Co. v. Leisure Corp. (In re Leisure Corp.), 234 B.R. 916, 920 (B.A.P. 9th Cir. 1999); see Kirwan v. Vanderwerf (In re Kirwan), 164 F.3d 1175, 1178 (8th Cir. 1999); In re Wald, 211 B.R. 359, 362 (Bankr. D.N.D. 1997); In re Johnson, 115 B.R. 634, 635 (Bankr. D. Minn. 1989); LaSalle v. Endicott (In re Endicott), 79 B.R. 439, 441 (Bankr. W.D. Mo. 1987). An abuse of discretion will only be found if the lower court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions. Barger v. Hayes County Non-Stock Co-op (In re Barger), 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998) (citing Mathenia v. Delo 99 F.3d 1476, 1480 (8th Cir. 1996)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

## DISCUSSION

Bankruptcy Code § 362(d)(1) provides that the Bankruptcy Court may grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1) (1994). Although Congress did not define cause, it intended that the automatic stay could be lifted to allow litigation involving the debtor to continue in a nonbankruptcy forum under certain circumstances. H.R. Rep No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 50 (1978) ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere."); see In re United Imports, Inc., 203 B.R. 162, 166 (Bankr. D. Neb. 1996).

In making the determination of whether to grant relief from the stay, the court must balance the potential prejudice to the Debtor, to the bankruptcy estate, and to the other creditors against the hardship to the moving party if it is not allowed to proceed in state court. Internal Revenue Service v. Robinson (In re Robinson), 169 B.R. 356, 359 (E.D. Va. 1994); United Imports, 203 B.R. at 166; In re Marvin Johnson's Auto Services, Inc., 192 B.R. 1008, 1014 (Bankr. N.D. Ala. 1996); Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.), 181 B.R. 569, 572-73 (Bankr. N.D. Ala. 1994). The

3

factors used to balance the hardships are well established and include: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. See United Imports, 203 B.R. at 167; In re Johnson, 115 B.R. 634, 636 (Bankr. D. Minn. 1989); In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984); see also, e.g., Sonnax Indus, Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990); Marvin Johnson's, 192 B.R. at 1014; Tricare, 181 B.R. at 573-74.

The Bankruptcy Court properly assessed each of these standards giving weight to its lack of jurisdiction over the co-defendants, the duplication that would result from trying the co-defendants separately, the status of the discovery, the state law basis for the claims, and the location of the witnesses and documents. Upon review of the Bankruptcy Court's assessment, we are not left with a definite and firm conviction that it erred in its factual findings or legal conclusions. In short, we can find no abuse of discretion in the Bankruptcy Court's decision to grant relief from the automatic stay.

Accordingly, the decision of the Bankruptcy Court to grant relief from the automatic stay shall be AFFIRMED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT