# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 02-6032 NE

---

In re:                                            *
                                                  *
Edward L. Wintroub, a/k/a Edward L.               *
Wintroub P.C., f/d/b/a Wintroub,                  *
McCrary, Lunz, Jersey, f/d/b/a Wintroub,          *
Rinden, Sens & McCrary, f/d/b/a                   *
Wintroub, Rinden, Sens; and Pamela                *
Jeanie Wintroub, a/k/a Jeanie Wintroub,           *
                                                  *
          Debtors.                                *
                                                  *
Ronald S. Bergman, D.O.,                          *      Appeal from the United States
                                                  *      Bankruptcy Court for the
          Creditor - Appellant,                   *      District of Nebraska
                                                  *
          v.                                      *
                                                  *
Edward L. Wintroub and                            *
Pamela Jeanie Wintroub,                           *
                                                  *
          Debtors - Appellees.                    *

---

Submitted: September 10, 2002
Filed: October 4, 2002

---

Before KOGER, Chief Judge, SCHERMER and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Ronald S. Bergman, D.O. ("Creditor") appeals the bankruptcy court's[1] order denying the Creditor's request for relief from the automatic stay of 11 U.S.C. § 362 to pursue a claim for reimbursement against a professional disciplinary commission fund. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the bankruptcy court abused its discretion when it denied the Creditor's motion for relief from the automatic stay of 11 U.S.C. § 362 to prosecute a claim against a professional disciplinary commission fund. We conclude that the bankruptcy court did not abuse its discretion when it denied the Creditor's request for relief from the automatic stay.

## BACKGROUND

The Debtor Edward L. Wintroub ("Debtor)" is an attorney who represented the Creditor in various legal matters from 1998 through 2001. During this same period, the Creditor loaned the Debtor $275,000 represented by a promissory note, purchased twenty-two and one-half shares of stock in a corporation formed by the Debtor for the price of $150,000, and transferred additional sums totaling $282,800 to the Debtor, either as loans or as payment of fees.

The professional relationship between the Creditor and the Debtor deteriorated. The Debtor did not repay any of the sums loaned by the Creditor and the Creditor eventually sued the Debtor. On January 24, 2002, summary judgment was entered in favor of the Creditor and against the Debtor in the amount of $275,000 on account

---

[1]The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

of the promissory note. The following day the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

At all relevant times, the Debtor was licensed to practice law in Iowa. The Iowa Supreme Court established the Client's Security Trust Fund of the Bar of Iowa ("Fund") to, *inter alia*, provide indemnification for losses caused to the public by dishonest lawyers. I.C.A. Rule 39.3(3). The Creditor's potential recovery from the Fund is capped at $50,000. *See* I.C.A. Rule 39.9(3). The Creditor sought relief from the automatic stay in order to prosecute a claim against the Fund.

The bankruptcy court applied a balance of harm test and concluded that the burden on the Debtor and the bankruptcy estate that would result from the administrative proceeding against the Fund would outweigh the harm to the Creditor if the stay were to remain in effect. The court noted that the Creditor had filed an adversary proceeding to determine whether his claim against the Debtor should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4) as a debt for fraud or defalcation while acting as a fiduciary. The court concluded that the administrative proceeding against the Fund would be duplicative of the pending dischargeability proceeding. Without any relevant evidence in the record, the court assumed that the Creditor would be free to pursue his claim against the Fund regardless of the outcome of the dischargeability action and that a judgment in his favor in the dischargeability proceeding could be used as part of the record for a subsequent claim against the Fund. The Creditor appeals the denial of his motion for relief from the automatic stay.

## STANDARD OF REVIEW

A decision to grant or deny a motion for relief from the automatic stay is within the discretion of the bankruptcy court and is reviewed for an abuse of discretion. *In re Kirwan*, 164 F.3d 1175, 1178 (8th Cir. 1999); *In re Bowman*, 253 B.R. 233, 237

(B.A.P. 8th Cir. 2000); *In re Blan*, 237 B.R. 737, 739 (B.A.P. 8th Cir. 1999). An abuse of discretion will only be found if the lower court's judgment was based on clearly erroneous factual findings or on erroneous legal conclusions. *Bowman*, 253 B.R. at 237; *Blan*, 237 B.R. at 739.

## DISCUSSION

A court may grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1). Congress did not define cause; however, it contemplated relief from the automatic stay to allow litigation involving the debtor to proceed in another forum under appropriate circumstances. *Blan*, 237 B.R. at 739 (citing H.R. REP. NO. 95-595, at 341 (1977) and S. REP. NO. 95-989, at 50 (1978)). The court must balance the potential prejudice to the debtor, the bankruptcy estate, and the other creditors associated with a proceeding in another forum against the hardship to the movant if it is not allowed to proceed in the other forum. *Id.* The relevant factors which the court must consider include judicial economy, trial readiness, the resolution of primary bankruptcy issues, the movant's chance of success on the merits, the costs of defense or other potential burdens to the estate, and the impact of the litigation on other creditors. *Id.*

The bankruptcy court concluded that because the dischargeability of the indebtedness was subject to pending litigation before the bankruptcy court, it would be improvident to let the Creditor proceed in a foreign forum at that time. The court concluded that the burden to the Debtor and the estate if the Creditor was allowed to proceed in another forum "when the same claims will nevertheless be tried here regardless of the outcome of the Iowa proceeding" outweighed the harm to the Creditor caused by the denial of the motion. Appellant's Appendix, p. 5.

The bankruptcy court properly applied the *Blan* test, weighing the relevant factors and concluding that the distraction to the Debtor of defending the proceeding

4

before the Fund would adversely impact his efforts to reorganize under Chapter 11 of the Bankruptcy Code. We find no abuse of discretion and accordingly affirm.

We were advised at oral argument that four days after the bankruptcy court denied the Creditor's motion for relief, it granted the motion of the United States Trustee to convert the Debtor's case from a Chapter 11 reorganization to a Chapter 7 liquidation. If such conversion has in fact occurred, we see no reason why a new motion for relief from the automatic stay would not be granted at this time as the reasons the motion on appeal was denied – namely the distraction from the Debtor's efforts to reorganize – are no longer relevant. Consequently we invite the Creditor to file a new motion for relief from the automatic stay.

## CONCLUSION

The court properly weighed the relevant factors and concluded that the harm to the Debtor and the estate if the Creditor were allowed to proceed against the Fund outweighed the harm to the Creditor imposed by the automatic stay. The order of the bankruptcy court is accordingly AFFIRMED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT