# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 02-6037SI

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Christopher David Loudon, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Christopher David Loudon, | * | |
| | * | Appeal from the United |
| Debtor - Appellant | * | States Bankruptcy Court |
| | * | for the Southern District of |
| v. | * | Iowa |
| | * | |
| Amogio Foods, Inc.; Pat Morris; | * | |
| Robert Tursi; Robert B. Garver; | * | |
| Steven R. Gates; Metro Meats, Inc.; | * | |
| West Des Moines State Bank, | * | |
| | * | |
| Movants - Appellees. | * | |

———

Submitted: October 8, 2002
Filed: October 16, 2002

———

Before Chief Judge KOGER, DREHER and FEDERMAN, Bankruptcy Judges.

———

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] dated June 14, 2002, which granted Appellees (collectively "Amogio Foods") relief from the automatic stay to proceed against Appellant Christopher D. Loudon ("Loudon") for the limited purpose of determining Loudon's liability and resulting damages, if any, arising out of a civil state court action. For the reasons stated below, we affirm.

## FACTS and PROCEDURAL HISTORY

Amogio Foods sought relief from the automatic stay to continue a state court action in which Loudon and Amogio Foods are co-defendants. The lawsuit asserts claims against Amogio Foods and Loudon for conversion, breach of contract, interference with contract, interference with prospective business advantage and common law trademark infringement. Amogio Foods sought relief from the automatic stay in anticipation of filing counter-claims against Loudon.

At the hearing, the bankruptcy court orally stated its findings and conclusions on the record as provided by Fed. R. Bank. P. 7052. The bankruptcy court determined that the claims in state court were being made by several plaintiffs against several defendants, that cross-claims and counter-claims were probable, and that some of the various theories being pursued by the plaintiffs would include matters better left to the jurisdiction and expertise of the state court. The bankruptcy court also determined that judicial ecomony would best be served by allowing the state court to determine issues of liability and damages as to Loudon, but limited the grant of relief to only those issues. The bankruptcy court did not grant relief from the stay to Amogio Foods to enforce any judgment against Loudon or property of the estate without a further order of the court.

---

[1] The Honorable Russell J. Hill, United States Bankruptcy Court for the Southern District of Iowa.

After the court granted Amogio Foods relief from the automatic stay, Loudon filed a motion for stay pending appeal. The bankruptcy court denied this motion and made detailed findings as to why its intial decision to grant relief was proper. Loudon then sought a stay pending appeal from the Bankruptcy Appellate Panel and that motion was also denied. Loudon filed a timely appeal.

## STANDARD OF REVIEW

"A decision to grant or deny a motion for relief from the automatic stay is within the discretion of the bankruptcy court and is reviewed for an abuse of discretion." Bergman v. Wintroub (In re Wintroub), _ B.R. _, 2002 WL 31205768, *2 (B.A.P. 8th Cir. 2002)(*citing* Kirwan v. Vanderwerf (In re Kirwan), 164 F.3d 1175, 1178 (8th Cir.1999)). "An abuse of discretion will only be found if the lower court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." Bowman v. Bond ( In re Bowman), 253 B.R. 233, 237 (B.A.P. 8th Cir. 2000). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Barger v. Hayes County Non-Stock Co-op (In re Barger), 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998). (*quoting* Anderson v. City of Bessemer City, 470 U.S. 564, 573(1985)).

## DECISION

The bankruptcy court granted Amogio Foods limited relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1). Although the Bankruptcy Code does not define cause, it is clear that cause includes such relief to allow the  litigation involving Loudon to proceed in state court under appropriate circumstances. *See* Wintroub, 2002 WL 31205768, *2; In re United Imports, Inc., 203 B.R. 162, 166 (Bankr. D. Neb. 1996); Blan v. Nachogdoches County Hosp. (In re Blan), 237 B.R. 737, 739 (*citing* H.R.Rep No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 50 (1978) ("It will

often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere.")).

These circumstances include: "(1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." Blan, 237 B.R. at 739. In this case, the bankruptcy court properly balanced the potential prejudice to Loudon and the bankruptcy estate against the hardship to Amogio Foods and the other parties if they were not allowed to proceed in state court. By allowing the state court to determine liability and damages, a determination that would otherwise require a trial in the bankruptcy court, but limiting the ability of Amogio Foods to enforce the judgment, the bankruptcy court substantially reduced the potential harm to Loudon. As a result, we find that the bankruptcy court did not err in its factual findings or legal conclusions and did not abuse its discretion in granting Amogio Foods relief.

Accordingly, we affirm the decision of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT