# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 04-6041 NE

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Patricia A. Sanabria, | * | |
| a/k/a Patricia S. Bonilla, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Patricia A. Sanabria, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor - Appellant, | * | District of Nebraska |
| | * | |
| v. | * | |
| | * | |
| American National Bank, | * | |
| | * | |
| Creditor - Appellee. | * | |

---

Submitted: October 27, 2004
Filed: November 16, 2004

---

Before KRESSEL, Chief Judge, SCHERMER and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Patricia A. Sanabria ("Debtor") appeals the bankruptcy court's[1] order granting American National Bank ("Creditor") relief from the automatic stay of 11 U.S.C. § 362 with respect to the Debtor's vehicle. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue raised by the parties in their briefs is whether a Chapter 7 debtor's options with respect to a secured debt are limited to redemption, reaffirmation, or surrender of the collateral or whether a fourth option of doing nothing is available to a debtor who is current on payments to the secured creditor. The Circuit Courts of Appeals which have addressed this issue are split.[2] The issue has not been addressed in the Eight Circuit at an appellate level and the trial courts within this circuit are split.[3] While a definitive ruling on that issue might be helpful in this circuit, the issue

---

[1] The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

[2] For cases recognizing the "fourth option" see, e.g., *Price v. Delaware State Police Fed. Credit Union (In re Price)*, 370 F.3d 362 (3rd Cir. 2004); *McClellan Fed. Credit Union v. Parker (In re Parker)*, 139 F.3d 668 (9th Cir. 1998); *Capital Communications Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43 (2nd Cir. 1997); *Home Owners Funding Corp. v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir. 1992); *Lowery Fed. Credit Union v. West*, 882 F.2d 1543 (10th Cir. 1989). For cases insisting on redemption, reaffirmation, or surrender, see, e.g., *Bank of Boston v. Burr (In re Burr)*, 160 F.3d 843 (1st Cir. 1998); *Johnson v. Sun Finance Co. (In re Johnson)*, 89 F.3d 249 (5th Cir. 1996); *Taylor v. AGE Fed. Credit Union (In reTaylor)*, 3 F.3d 1512 (11th Cir. 1993); *In re Edwards*, 901 F.2d 1383 (7th Cir. 1990).

[3] Compare, e.g. *In re Canady-Houston*, 281 B.R. 286 (Bankr. W.D. Mo. 2002)(recognizing "fourth option") with *In re Kennedy*, 137 B.R. 302 (Bankr. E.D. Ark. 1992)(redemption, reaffirmation, and surrender are exclusive options).

is not properly before this Court. Instead, the limited issue on appeal is whether the bankruptcy court abused its discretion when it granted the Creditor's motion for relief from the automatic stay of 11 U.S.C. § 362 to pursue its interests in the Debtor's vehicle. We conclude that the bankruptcy court did not abuse its discretion when it granted the Creditor's request for relief from the automatic stay.

## BACKGROUND

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 11, 2002. On March 11, 2004, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code. The Debtor did not file a statement of intention as is required by Section 521(2)(A). On April 14, 2004, the Creditor filed a motion for relief from the automatic stay with respect to the Debtor's vehicle. In the motion, the Creditor alleged that the Debtor has no equity in the vehicle, that the Creditor's interest in the vehicle is not adequately protected, and that the vehicle is not necessary to an effective reorganization. (Motion, ¶¶ 5 and 6, p. 2.) The parties do not dispute the fact that the Debtor has no equity in the vehicle.

The court held a hearing on the motion for relief and issued its order granting the Creditor relief from the automatic stay. The court found that the Debtor had no equity in the vehicle and that the Debtor's case was a case under Chapter 7. The court also found that the Debtor had not attempted to redeem the vehicle or reaffirm the debt, nor had the Debtor surrendered the vehicle or claimed the vehicle as exempt. The court then concluded that the Debtor's options with respect to the vehicle are limited to those options set forth in Section 521(2)(A). The court granted the Creditor's request for relief from the automatic stay. The Debtor appeals that order.

## STANDARD OF REVIEW

A decision to grant or deny a motion for relief from the automatic stay is within the discretion of the bankruptcy court and is reviewed for an abuse of discretion. *In re Kirwan*, 164 F.3d 1175, 1178 (8th Cir. 1999); *In re Bowman*, 253 B.R. 233, 237 (B.A.P. 8th Cir. 2000); *In re Blan*, 237 B.R. 737, 739 (B.A.P. 8th Cir. 1999). An abuse of discretion will only be found if the lower court's judgment was based on clearly erroneous factual findings or on erroneous legal conclusions. *Bowman*, 253 B.R. at 237; *Blan*, 237 B.R. at 739.

## DISCUSSION

A court may grant relief from the automatic stay with respect to an act against property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Here, the court properly found that the Debtor has no equity in the vehicle. Furthermore, since the Debtor's case is a liquidation case under Chapter 7 of the Bankruptcy Code, no reorganization is in process for which the vehicle could be necessary. The court did not abuse its discretion in granting relief from the automatic stay.

We understand that the Debtor would like a ruling from this Court on the availability of the "fourth option" with respect to collateral. If the Debtor seeks a ruling on that issue, she should file an adversary proceeding seeking a declaratory judgment that she need not comply with Section 521 of the Bankruptcy Code because of the existence of the "fourth option."

4

## CONCLUSION

The court did not abuse its discretion in terminating the automatic stay where the Debtor has no equity in the vehicle and no reorganization is in process. The order of the bankruptcy court is accordingly AFFIRMED.

_____